[No. AO18032. First Dist., Div. One. Oct. 24, 1983.]

Estate of HOWARD RUSSELL BRYANT, Deceased.
KENNETH CORY, as State Controller, Petitioner and Respondent, v.
EDNA MAE BRYANT, as Administratix, etc., Objector and Appellant.

**[Opinion certified for partial publication.\*]**

\*See footnote, *post*, page 326.

324

COUNSEL

Hofvendahl, Roessler, Hirsch & Sussman and Russell L. Hofvendahl for Objector and Appellant.

Myron Siedorf and John Schell for Petitioner and Respondent.

OPINION

**HOLMDAHL, J.**—This case involves interpretation of the disclaimer provisions of the Probate Code. At issue is whether section 190.5 bars children of disclaimants from taking the disclaimed property, whether section 190.6

applies to disclaimer of an intestate interest, and how disclaimed property should be distributed.*

We reverse the order and remand the case for further proceedings.

## Statement of Facts

Howard Russell Bryant died intestate on January 29, 1981. He was survived by his wife, Edna Mae Bryant, administratrix of his estate (hereafter, appellant), a daughter, a son, and a brother. The daughter had two children, who also survived decedent. The son had one child who survived decedent.

On April 8, 1981, the daughter disclaimed all interest in the estate. On May 19, 1981, the son disclaimed all interest in the estate. The report of the inheritance tax referee was filed on July 30, 1981. That report assessed a "pickup" tax[1] of $1,975.51, and an order fixing the inheritance tax in that amount was signed by the probate court on August 19, 1981, and filed on the same day. The tax was assessed on the basis that the entire estate should go to the widow. The order for final distribution, which distributed the entire estate to the widow, was made, filed, and entered on August 24, 1981.

The State Controller (hereafter, respondent), later reviewed the report of the inheritance tax referee and determined that even with the disclaimers, decedent's separate property should not have been distributed solely to the widow, but that two-thirds of the separate property should have gone to decedent's grandchildren. The effect was to increase the amount of inheritance tax, which respondent claimed the estate owed, from $1,975.51 to $3,748.08. Consequently, respondent filed on February 9, 1982, a petition to modify the order fixing the inheritance tax.

Decedent's son and daughter, thereafter, filed declarations stating that, in disclaiming his or her right to a share of the intestate estate, each intended his or her share to vest in the mother and that the disclaimer was based on the belief that the mother would have been the sole beneficiary if the father

---

*Portions of this opinion have been deleted for purposes of publication in accordance with this court's nunc pro tunc order of December 2, 1983.

[1]A "pickup" tax is a tax imposed by section 13442 of the Revenue and Taxation Code. In situations where no state inheritance tax is paid the "pickup" tax consists of the amount of credit for state inheritance tax allowed on the federal estate tax return. Under section 13805 of Revenue and Taxation Code the widow was not required to pay any other inheritance tax.

Although the sections of the Revenue and Taxation Code involved here were repealed by initiative adopted June 8, 1982, decedent's estate was subject to these statutes because decedent died prior to the repeal of the inheritance tax.

had made a will. Appellant filed objections to the petition, and both were heard on March 12, 1982. The probate court granted the petition, and ordered the higher tax on March 15, 1982. The order, in addition, directed appellant's attorney to prepare an "amended decree of distribution" providing that one-third of the separate property go to the widow and the other two-thirds to the grandchildren, by right of representation, so that the son's child would take one-third and the daughter's children would share one-third. Neither respondent, appellant, nor any other person had requested any change in the order of final distribution. This part of the order was based on the probate court's interpretation of Probate Code section 190.6.[2] The court noted "not enuf" on appellant's later request by letter that the order be limited simply to granting the increased tax, without changing the distribution decree.

This appeal is from the March 15, 1982, order.[3]

We proceed now to determine the inheritance tax properly due.

### Effect of Disclaimers

Determination of the amount of inheritance tax requires determination of who should have been the distributees of the estate.[5]

Sections 190.5 and 190.6 provide for disclaimer of interests to which a beneficiary, but for his disclaimer, would be entitled, inter alia, under a will or by intestacy.[6] "Succession is the acquisition of title to the property

---

[2]All statutory references are to the Probate Code, unless otherwise indicated.

Appellant states in her notice of appeal that the appeal is taken pursuant to section 1240, subdivision (r), which allows appeals from orders fixing inheritance tax. We consider the order as a whole to be an order fixing inheritance tax, since it was made in response to a petition to modify an order fixing inheritance tax. It is, therefore, an appealable order and the appeal is properly before this court. Appellant is appealing the increased tax but is especially attacking the ordered distribution as the basis underlying the increased tax.

[3]The probate court order did not specifically fix the amount of the inheritance tax. The first sentence of the order stated that the petition of respondent was granted, but the order went on to state that the disclaimed two-thirds of the estate should have been distributed to the grandchildren by right of representation. The order, thus, creates an ambiguous situation, because the petition requested a tax amount based on a per capita distribution.

[5]The amount of inheritance tax to be assessed varies considerably, depending on who receives the estate.

[6]Section 190.5 provides: "A disclaimer, when effective, shall be binding upon the beneficiary and all persons claiming by, through or under him. A person who, under this chapter, could file a disclaimer, may instead file a written waiver of a right to disclaim and such waiver, when filed, shall be binding upon the beneficiary and all persons claiming by, through or under him."

Section 190.6 provides: "Unless otherwise provided in the will, inter vivos trust, exercise

of one who dies without disposing of it by will." (Prob. Code, § 200.) Division two, chapter two of the Probate Code, provides for succession to separate property. Section 221 applies when a decedent leaves a surviving spouse and issue and section 223 applies when a decedent leaves a surviving spouse but no issue.[7]

### Contentions of the Parties

Appellant contends that the widow should have received the entire estate following the disclaimers by decedent's children (i.e., what the original decree of distribution provided) and that the tax should be only the "pickup tax" that was originally assessed.

It is appellant's position: 1) That section 190.6, by its own terms, applies *only* to interests created by "will, inter vivos trust, exercise of the power of appointment, or other written instrument" and not to the interests of an heir in an intestate estate; 2) that under section 190.5, when the children of decedent disclaimed their interests, that disclaimer worked as a disclaimer of the interests of the grandchildren as well, thereby passing all of the property to decedent's widow under section 221; and 3) that no part of the estate should go to decedent's brother under section 223 because section 223 applies only if "decedent leaves a surviving spouse and no issue" and decedent here left a surviving spouse and two children, which children "did not pass out of legal existence when they executed the disclaimers."

Respondent contends that the grandchildren of decedent (the children of the disclaimants) should have received two-thirds of the separate property, and the inheritance tax should be figured accordingly; or, if the grandchil-

---

of the power of appointment, or other written instrument creating or finally determining an interest, the interest disclaimed and any future interest which is to take effect in possession or enjoyment at or after the termination of the interest disclaimed, shall descend, go, be distributed or continued to be held as if the beneficiary disclaiming had predeceased the person creating the interest. In every case, the disclaimer shall relate back for all purposes to the date of the creation of the interest."

[7]Section 221 provides: "If the decedent leaves a surviving spouse, and only one child or the lawful issue of a deceased child, the estate goes one-half to the surviving spouse and one-half to the child or issue. If the decedent leaves a surviving spouse, and more than one child living or one child living and the lawful issue of one or more deceased children, the estate goes one-third to the surviving spouse and the remainder in equal shares to his children and to the lawful issue of any deceased child, by right of representation; but if there is no child of decedent living at his death, the remainder goes to all of his lineal descendants; and if all of the descendants are in the same degree of kindred to the decedent they share equally, otherwise they take by right of representation."

Section 223 provides: "If the decedent leaves a surviving spouse and no issue, the estate goes one-half to the surviving spouse and one-half to the decedent's parents in equal shares, or if either is dead to the survivor, or if both are dead to their issue and the issue of either of them, by right of representation."

dren are not the proper distributees, then one-half of the separate property should have gone to the brother of decedent and one-half to the widow, and the inheritance tax should be computed based on that distribution.

It is respondent's position: 1) That section 190.6 applies to intestate, as well as testate, situations and, therefore, the estate should be distributed under section 221, as if both children (disclaimants) had predeceased decedent; 2) that under section 190.5, although the disclaimers by the children are binding on the grandchildren as disclaimers of their parent's interests, the disclaimers do not preclude the grandchildren from taking the property under section 221; and 3) that if the grandchildren and children are precluded from taking, then one-half of the property should pass to the decedent's brother under section 223.

*Relationship of Sections 190.5 and 190.6*

The determination of this issue depends on the interpretation of sections 190.5 and 190.6. That interpretation will determine how, and whether, sections 221 and 223 should apply to this situation. If section 190.5 bars the grandchildren and section 190.6 does not apply to intestate situations (appellant's argument), there would be no statutory statement of where property should go when there is a disclaimer in such situations. Appellant contends that section 221 should apply because by definition it applies when there are a surviving spouse and surviving children and since the children don't want the property and the grandchildren can't take it, the only person left within section 221 is the spouse, who would take everything. Under this theory section 223 would not apply because by definition it applies only when there are no surviving children.

If section 190.5 bars the grandchildren and section 190.6 does apply to intestate situations, the property should go to the spouse and the brother under section 223. Section 223 would apply because it applies when there are no surviving children or issue and, under section 190.6, both the children and grandchildren would be treated as if they predeceased decedent.

If section 190.5 does not bar the grandchildren, and section 190.6 does not apply to intestate situations, under appellant's argument, the property should go to the spouse and the grandchildren, since they are the remaining possible takers under section 221 and there would be no need to resort to section 223.

Respondent's position, however, is that if section 190.5 does not bar the grandchildren and section 190.6 does apply to intestate situations, then the

children would be treated as if they predeceased decedent and the grand-children and spouse would take under section 221.

*Application of Section 190.6 to Both Testate and Intestate Estates*

There is little authority in California as to the application of section 190.6. The only two cases referring to this statute involved disclaimers under wills, rather than intestacy. In *Estate of Murphy* (1979) 92 Cal.App.3d 413 [154 Cal.Rptr. 859], the only California case which in any way addresses the question of where property goes after a disclaimer, the court simply restated the language of section 190.6 "that disclaimed interests pass as if the person renouncing had predeceased the decedent."

*Estate of Parsons* (1980) 103 Cal.App.3d 384 [163 Cal.Rptr. 70] involved a disclaimer of a gift in a will by an attesting witness to the will, in an attempt to make that witness disinterested and therefore validate the will. In rejecting reliance on section 190.6 by the witness the court said that section 190.6 "serves to equalize the tax consequences of disclaimers as between heirs at law and testamentary beneficiaries." (*Id.*, at p. 390.)

Appellant argues that, by implication, the court in *Parsons* was referring to sections 190.5 and 190.6, and that section 190.5 refers only to situations of intestacy and section 190.6 only to situations involving wills or other written instruments. This argument is not persuasive. Nothing in section 190.5 indicates that it was intended to apply only to intestate situations. The other provisions of chapter 12 (with the possible exception of 190.6, discussed *infra*) apply both to testate and intestate situations. Absent language to the contrary, it is reasonable to conclude the Legislature intended section 190.5 to apply to both situations as well.

Appellant's reliance on *Parsons* is unjustified in another sense as well. The court stated that the purpose of section 190.6 was to equalize tax consequences between intestate and testate beneficiaries. As respondent points out, the tax consequences would not be equalized if the statutes applied as appellant argues. Under appellant's view, if a testamentary beneficiary, in a position similar to that of the children here, disclaimed an interest under section 190.6, that interest would descend to the children of that beneficiary (grandchildren of decedent), who would receive only a $20,000 exemption (Rev. & Tax. Code, § 13801), with tax imposed on the balance. However, a disclaimer of an intestate interest would cause the interest to pass, under section 190.5, to the spouse of decedent, who would receive a total exemption (Rev. & Tax. Code, § 13805) and be liable for only the "pickup" tax. (Rev. & Tax. Code, § 13442.) It is not likely the Legislature intended such unequal tax consequences.

Under respondent's position the tax consequences would be equal, since the property would pass to the same individuals under either situation. Thus, it appears that *Parsons* supports respondent's position, rather than appellant's.

Secondary sources in California offer little aid in determining the effect of a disclaimer of an interest in either an intestate or testate estate. None specifically discusses the effect of disclaimers in either type of estate. This absence tends to support respondent's position: That there is no difference in the effect.

The case of *Wolfrum* v. *Wolfrum* (1965) 2 Ohio St.2d 237 [31 Ohio Ops.2d 501, 208 N.E.2d 537], is quite similar to the instant case. In *Wolfrum,* decedent was survived by a widow, son and daughter. The son had children. The disclaimer statute provided that if an intestate share is disclaimed the property passes as if the disclaimant had predeceased the decedent. The son disclaimed his intestate share. The court held that the disclaimer passed the property to the children of the son, rather than to his mother. Similar cases in other jurisdictions hold that in the case of a disclaimer of an intestate share the disclaimed property passes as if the disclaimant had predeceased the decedent. (*Matter of Estate of Bliven* (Iowa 1975) 236 N.W.2d 366; *In re Estate of Palmeri* (1973) 75 Misc.2d 639 [348 N.Y.S.2d 711].)

The general rule outside of California appears to be that in intestate situations, as well as testate, the property disclaimed passes as if the disclaimant had predeceased the decedent. While the decisions and statutes in other states and the Uniform Probate Code are not binding on us, of course, they provide illustrations of the way provisions very similar to section 190.6 have been interpreted.

There are statutory sources from outside California which can aid an interpretation of section 190.6. There are provisions in the Uniform Probate Code, as amended, and in statutes of other states which resemble section 190.6. As with the few California references, these tend to support respondent's position.

Section 2-801, subdivision (c) of the Uniform Probate Code (as amended) is analogous to section 190.6.[8] It provides for property which has been

---

[8]Section 2-801, subdivision (c) (as amended in 1975) provides: "Unless the decedent or donee of the power has otherwise provided, the property or interest renounced devolves as if the person renouncing had predeceased the decedent or, if the person renouncing is designated to take under a power of appointment exercised by a testamentary instrument, as if the person renouncing had predeceased the donee of the power. A future interest that takes effect in possession or enjoyment after the termination of the estate or interest renounced takes effect as if the person renouncing had predeceased the decedent or the donee of the power. A renunciation relates back for all purposes to the date of the death of the decedent or the donee of the power."

disclaimed to pass as if the person disclaiming had predeceased the decedent. It is different from section 190.6 in the way its exception is worded. Section 2-801, subdivision (c) is more general, stating that the property disclaimed will pass as provided "[u]nless the decedent or donee of the power has otherwise provided." It does not specifically mention wills or other written instruments. The comment to section 2-801, subdivision (c) stated that "[i]n the case of intestate property, the heir who would be next in line in succession would take; often this will be the issue of the renouncing person."

The statutes of many states, including California, appear to be patterned after the Uniform Probate Code provisions, although there is some difference in wording. The statute of Texas is very similar to California's section 190.6.[9] Section 37A of the Texas Probate Code, by its own terms, clearly applies to disclaimers of property in intestate estates. That section states that the property disclaimed passes as if the disclaimant had predeceased the decedent, just as California's section 190.6 provides. Section 37A also contains an exception to the provision for passage of the disclaimed property, again, just as section 190.6. The exception in section 190.6 appears at the beginning of the section, and refers to wills, *inter vivos* trusts, powers of appointment, or other written instruments. Appellant argues strongly that that language limits the application of section 190.6 to situations in which one of the instruments mentioned exists. At first reading that seems to be a logical interpretation of the statute. However, the Texas statute also contains an exception similar to the exception in 190.6. The Texas exception appears later in the statute, rather than at the beginning, and refers only to decedent's will. The exception in the statute, by its terms, applies expressly to intestate situations, and the exception must be read as meaning that if there is a will the exception will apply, but that a will is not required for the application of the statute as a whole. This interpretation is the only one possible for the Texas statute and is the only reasonable interpretation of the California statute. The difference in the organization of the code sections is minor and should not affect their meaning. ■ Thus, we construe the California statute to mean that if there is a will, *inter vivos*

---

[9]Texas Probate Code section 37A is that state's disclaimer statute. As enacted in 1971, it provided: "Any person who may be entitled to receive any property under any will of or by inheritance from a decedent and who intends to effect disclaimer irrevocably of the whole or any part of such property shall evidence same as herein provided. A disclaimer evidenced as provided herein, shall be effective as of the death of decedent and the property subject thereof shall pass as if the person disclaiming had predeceased the decedent unless decedent's will provides otherwise. Failure to comply with the provisions hereof shall render such disclaimer ineffective except as an assignment of such property to those who would have received same had the person attempting the disclaimer died prior to the decedent. The term 'property' as used in this section shall include all legal and equitable interests, powers, and property, whether present or future, whether vested or contingent, and whether beneficial or burdensome, in whole or in part."

trust, power of appointment, or other written instrument, and it provides for disposition of disclaimed property, that writing will control, rather than the provisions of section 190.6. However, if there is no such written instrument providing "otherwise," whether the estate is testate or intestate, the property disclaimed will pass as provided by section 190.6. This interpretation gives meaning to "the interest disclaimed" phrase in section 190.6 as related to "a disclaimer" of section 190.5. This interpretation also provides for greater consistency with the rest of chapter 12, since section 190.6 would then apply to all disclaimers, as is true with the rest of the provisions in chapter 12.

■ We conclude that sections 190.5 and 190.6 apply to both intestate and testate matters.

*Section 190.5 as Bar to Children of Disclaimants*

There appears to be no case on nor analysis or interpretation of Probate Code section 190.5. We have found no California case which interprets section 190.5, and the standard textbooks simply restate its provisions without any interpretation.

There also appears to be no analysis or interpretation of foreign statutes similar to section 190.5. The Uniform Probate Code, as amended, however, contains a provision[10] which is comparable to section 190.5. The official comment to that section merely repeats the section.

Appellant argues that the meaning of section 190.5 is obvious. Her interpretation is that under section 190.5 the disclaimant and anyone "claiming by, through or under him" are barred from taking the disclaimed property. Respondent argues that section 190.5 *binds* those claiming by, through and under the disclaimant, but does not *bar* them from taking the disclaimed property. Respondent states that the meaning of section 190.5 is to give the disclaimer full force and effect. Respondent does not make it clear what he believes those taking by, through and under the disclaimant are bound to, but appellant's interpretation would make section 190.5 inconsistent with the rest of chapter 12. If section 190.5 bars those under the disclaimant it would make section 190.6 ineffective. ■ A more consistent interpretation of section 190.5 is that it binds those who take by, through, and under the disclaimant to the disclaimer insofar as it bars the disclaimant from taking the property. In other words, those taking by, through, and under

---

[10]Section 2-801, subdivision (d)(3) provides: "A renunciation or a written waiver of the right to renounce is binding upon the person renouncing or person waiving and all persons claiming through or under him."

the disclaimant are barred from asserting at any later time that the disclaimant should have taken the disclaimed property, but are not barred from themselves taking the disclaimed property.

■ We conclude, therefore, that the children of the disclaimants would be barred from asserting any claim their parents had "by, through, or under" their parents (in accord with § 190.5). We further conclude that "the interest disclaimed" by each parent "shall descend, go, be distributed" to the children as if their respective parents, i.e., "the beneficiary disclaiming, had predeceased" decedent (in accord with § 190.6).

*Manner of Distribution to Children of Disclaimants*

The petition to modify the order fixing inheritance tax asserted that the disclaimed property should be distributed to the three grandchildren of decedent per capita, under the provisions of Probate Code section 221, which require distribution per capita to descendants if they are all in the same degree and there are no surviving issue of decedent. Respondent argues that this applies because the children are treated as if they are deceased. Appellant agrees in her brief that if the disclaimed property should have been distributed to the grandchildren it should have been distributed per capita. The probate court ordered appellant to prepare an amended decree of final distribution which would pass the property to the grandchildren "by right of representation."

This issue has not been considered in California, but it has been considered by courts in other states in interpreting their disclaimer statutes. The cases agree that the disclaimer statutes are intended to determine "to whom a disclaimed share descends, and not the manner in which an entire estate is to be distributed." (*Welder* v. *Hitchcock* (Tex.Civ.App. 1981) 617 S.W.2d 294, 298.) "For the purpose of determining to whom the renounced share shall descend, the renouncing distributee is presumed ('as though') to have predeceased the decedent. For the purpose of determining the manner of distribution, *per stirpes* or *per capita,* the statute is silent: distribution of the renounced share, like the original shares, must be made as though the renouncing distributee is living." (*In re Estate of Fienga* (1973) 75 Misc.2d 233 [347 N.Y.S.2d 150, 156].) The cases state that if distribution of the disclaimed interest were made per capita, there would be situations in which an individual who was an heir, but of a degree more remote than the disclaimant (so that the original means of distribution would be per stirpes), would have his share reduced by the change in the manner of distribution. This is not a problem in the instant case, inasmuch as we have determined that there can be no actual distribution to the children at all. However, this court's decision as to the manner of distribution after disclaimer will control

later cases. An argument might be made that, to avoid later inequities, this court should follow the lead of the courts of Texas and New York. If we were to follow the other decisions, the probate court's determination of who should have received the estate was correct and the inheritance tax should be computed on that distribution.

We decline to follow that course, however, partly because any rule we might adopt will cause, in varying factual situations, varying degrees of what most persons would agree is "inequitable." ■ We feel compelled, moreover, on the basis of the express language of section 190.6 in combination with the express language of section 221, to hold that the grandchildren share equally, or per capita.

Section 190.6 requires that "the interest disclaimed . . . shall . . . be distributed . . . as if the beneficiary disclaiming [i.e., decedent's son and daughter] had predeceased the person creating the interest." Section 221 requires, in intestate situations as here, that "[i]f the decedent leaves a surviving spouse . . . [and] there is no child of decedent living at his death, the remainder goes to all of his lineal descendants; *and if all of the descendants are in the same degree of kindred to the decedent they share equally* . . . ." Inasmuch as decedent's son and daughter "had predeceased" decedent in the sense provided by section 190.6, only the widow and the grandchildren succeed in the manner provided by section 221. The grandchildren, therefore, "share equally" the "remainder," or two-thirds of the interest disclaimed.

We reverse the order and remand to the superior court for determination of the inheritance tax due as may be determined on the basis that decedent's three grandchildren succeed equally to two-thirds of his separate property.

Elkington, Acting P. J., and Newsom, J., concurred.