No. 58,326

In the Matter of the Estate of Nellie F. Estes.

(718 P.2d 298)

Opinion filed May 2, 1986.

*J. Patrick Shepard,* of Gage and Tucker, of Overland Park, argued the cause, and *Phil M. Cartmell, Jr.,* of the same firm, was with him on the briefs for appellants.

*David J. Rebein,* of Mangan, Dalton, Trenkle & Rebein Chartered, of Dodge City, argued the cause, and *Michael A. Doll,* of the same firm, was with him on the brief for appellees.

The opinion of the court was delivered by

HERD, J.: This is a will contest case. The appeal is from an order of the district court sustaining the will.

Nellie F. Estes, a resident of Minneola, Clark County, died testate on December 18, 1983. She was survived by Gladys Evans, her only child and sole heir. Gladys Evans petitioned for probate of her mother's will on January 9, 1984, under the simplified estates act. Gladys Evans was the sole legatee and devisee under the will if she survived her mother. In the event Gladys Evans predeceased Nellie Estes, the Estes home was devised to the Minneola Christian Church and all the rest of Nellie Estes' property was bequeathed and devised to her trustees in trust for the benefit of ten charities subject to certain leases for agricultural purposes. In the will, Gladys Evans was named executor with Voyle E. Chance and Austin Chance designated trustees and alternate executors.

Gladys Evans declined to serve as executor and asked that the Chances be appointed in her stead and that they be given emergency powers to conserve the estate until the hearing could be held. Letters Testamentary were issued to Voyle E. Chance and Austin Chance on January 9, 1984. The hearing on the petition to admit the will to probate was set for February 2, 1984. Notice was published and mailed to Gladys Evans, Voyle Chance, Austin Chance, the ten charities and the three farm tenants.

Gladys Evans died on January 19, 1984, some two weeks before the hearing on her mother's will. Her will was identical to her mother's except Mrs. Estes was the legatee and devisee rather than Gladys Evans. The hearing on the will of Nellie Estes was held on February 2 pursuant to the notice and the will was admitted to probate. Petitioner appeared by her attorneys and Voyle and Austin Chance personally appeared.

Pursuant to K.S.A. 59-2291 *et seq.,* on September 10, 1984, Voyle and Austin Chance, as executors of the estate of Gladys Evans, filed a disclaimer to any and all interest in the estate of Nellie Estes, under the will, through intestacy or by joint tenancy. The inventory listed $882,076.89 worth of probate property and $637,329 of joint tenancy property in the Estes estate. The Kansas inheritance tax closing letter was filed October 17, 1984, and the federal estate tax closing letter was filed March 19, 1985.

On January 28, 1985, the appellants, Walla Ridout, Roy Burchett, and Frances Ogilvie (sister, brother and niece of Nellie Estes, respectively), and Beverly Hamilton, Norma Ziegler, Brenda Carrillo, Richard Young and Merle Young (grandnieces and grandnephews of Nellie Estes), filed a petition seeking to set aside the order admitting the will to probate and to obtain an order of intestacy in the estate of Nellie Estes. The district court granted summary judgment to appellees and this appeal followed.

The primary issue presented by this case is whether under Kansas disclaimer statutes, K.S.A. 55-2291 *et seq.,* Gladys Evans' disclaimer had the effect of eliminating her as an heir of Nellie Estes. Appellants argue that by her disclaimer, Gladys Evans is presumed to have predeceased Nellie Estes, thus eliminating her as an heir. Accordingly, appellants reason that they then became heirs of Mrs. Estes and, as such, were entitled to notice

of the hearing to admit the will to probate. They contend that since they did not receive notice, the order admitting the will to probate is void, the time for submitting the will to probate has expired and the title to Nellie Estes' property descends to them by intestate succession.

Appellees counter with the argument that appellants' construction of K.S.A. 59-2293(a) ignores the plain language of the statute, defies legislative intent and would cause uncertainty and injustice in probate proceedings. They also argue appellants' construction would cause inconvenience and an undue burden upon potential petitioners by requiring them to determine whether or not they were going to disclaim prior to petitioning to admit a will to probate.

The trial court found for appellees, stating:

"This disclaimer statute with all of its ramifications is essentially a tool to effect tax savings and not an instrument to vary the terms and conditions of the Estes will. It should be construed strictly in order to effectuate its purpose. It does not in and of itself create rights where none previously existed. It would follow then that the relatives do not qualify as statutory designees as defined in K.S.A. 59-2224 . . . ."

Resolution of the issue raised by appellants requires examination of the Kansas disclaimer statutes, K.S.A. 59-2291 *et seq.*

K.S.A. 1985 Supp. 59-2291 authorizes a person or their personal representative to disclaim in writing in whole or in part any interest passing to that person as an heir, next of kin, devisee, legatee or joint owner of property. K.S.A. 1985 Supp. 59-2292 governs the filing and recordation of the disclaimer interest. K.S.A. 59-2293, the statute with which we are primarily concerned, pertains to the effects of a disclaimer. It provides:

"(a) Unless the decedent or donee of the power has otherwise provided, the property, interest or power disclaimed as provided in K.S.A. 59-2291 and amendments thereto shall descend or be distributed as *if the disclaimant had predeceased the decedent* or, if the disclaimant is designated to take pursuant to a power of appointment exercised by or under a testamentary instrument, as if the disclaimant had predeceased the donee of the power. *In every case, the disclaimer shall relate back for all purposes to the date of death of the decedent* or the donee, as the case may be, except that, in the case of a beneficiary under the terms of an inter vivos trust, the disclaimer shall relate back to the date of the transfer."

Before considering the effect of this statute, we will briefly review the rules of statutory construction. The fundamental rule, to which all others are subordinate, is that the purpose and intent

of the legislature governs when that intent can be ascertained from the statute. *State v. Thompson*, 237 Kan. 562, 563, 701 P.2d 694 (1985). In construing statutes the legislative intention is to be determined from a general consideration of the entire act. Effect must be given, if possible, to the entire act and every part thereof. To this end, it is the duty of the court to reconcile the different provisions so as to make them consistent, harmonious and sensible. *State v. Flummerfelt*, 235 Kan. 609, 612, 684 P.2d 363 (1984). In determining legislative intent, the court may properly look to the purpose to be accomplished, the necessity and effect of the statute, and the effect the statute may have under the various constructions suggested. *Arredondo v. Duckwall Stores, Inc.*, 227 Kan. 842, Syl. ¶ 1, 610 P.2d 1107 (1980).

While we have found no Kansas cases on point, nor any relevant legislative history, we note that the general purpose of disclaimer statutes is to abolish the distinction between testate and intestate estates. At common law, a legatee or devisee could always renounce his testamentary disposition, while a distributee could not. The theory was that one taking under a will had the right to accept or reject the testator's offer, while a distributive share in intestacy vests by force of law in the distributee at the date of death. Special Committee on Disclaimer Legislation, *Disclaimer of Testamentary and Non-testamentary Dispositions—Suggestions for Model Act*, 3 Real Prop., Prob. and Trust J. 131 (1968). This different treatment produced undesirable tax consequences; for instance, a distributee who rejected his inheritance was subject to federal gift tax while a disclaimer by a devisee or legatee produced no tax consequences. Thus, as pointed out by the trial court, the disclaimer statute is essentially a tool to effect tax savings. Disclaimer statutes can also be utilized to avoid creditors (see Kozloski & Mantell, *Probate and Tax Consequences of Disclaimers in Connecticut*, 54 Conn. B.J. 638 [1980]) and to effectuate the passing of property as the disclaimants determine the decedent wished (see *Estate of Bryant*, 149 Cal. App. 3d 323, 196 Cal. Rptr. 856 [1983], where the children disclaimed so the mother could attempt to take the entire estate of an intestate father).

The appellants' suggested construction of K.S.A. 59-2293 was not contemplated by the legislature. K.S.A. 59-2293 does not create a presumption that Gladys Evans predeceased her mother

by her disclaimer. Rather, it provides the property shall descend *as if* Gladys Evans predeceased Nellie Estes. Here the will had contingent provisions in case this event occurred. There is no question the disclaimer related back to the date of death of Nellie Estes. The key here is the interest that is disclaimed, not the effective date. Gladys Evans did not disclaim her status as an heir or her relationship to Nellie Estes. She disclaimed her right to take property under the Estes will. A disclaimer is a renunciation of a property right, not a change of status or relationship. It is the surrender of this right which relates back. The fiction of predeceasing comes into play for one purpose only, that of indicating the disposition and descent of the interest disclaimed. Thus, Gladys Evans retained her identity as an heir of Nellie F. Estes even though she disclaimed her right to the property.

Our interpretation of the Kansas disclaimer statute is in agreement with a number of other courts that have held that disclaimer statutes only affect those to whom a disclaimed interest descends, and not the manner in which the estate descends. See *Welder v. Hitchcock,* 617 S.W.2d 294, 298 (Tex. Civ. App. 1981); *Matter of Fienga,,* 75 Misc.2d 233, 347 N.Y.S.2d 150 (1973); and *Estate of Bryant,* 149 Cal. App. 3d at 334.

Since Gladys Evans retained her identity as an heir, it follows that appellants are not heirs of Nellie Estes and were not entitled to notice under K.S.A. 1985 Supp. 59-2209. Accordingly, they have no standing to challenge the probate proceedings. The notice of the hearing on admission of the will to probate is approved as made and the contingent beneficiaries under the will, the trustees, are entitled to the property pursuant to the intention of the testator.

In addition, we note that the jointly owned property is disposed of the same way as the probate property. Under K.S.A. 1985 Supp. 59-2291(a)(8), a person is authorized to disclaim the right to take more than her equitable share of the joint property. Gladys Evans' disclaimer of her interest in the joint property is a disclaimer of any right she had in that property. Thus, Nellie Estes owned the entire estate in the joint property and it also passed by the terms of her will to the contingent legatees, the trustees.

In light of our holding that appellants have no standing to

challenge the probate proceedings, we need not discuss the other issues raised by appellants.

The judgment of the trial court is affirmed.