(858 P.2d 1222)

No. 68,628

CHRISTOPHER ALEXANDER, *et al., Appellees/Cross-appellants*, v. THE ADJUTANT GENERAL'S OFFICE, STATE OF KANSAS, *Appellant/Cross-appellee*.

Opinion filed August 6, 1993.

*Les E. Diehl*, of Goodell, Stratton, Edmonds & Palmer, of Topeka, for appellant/cross-appellee.

*Brad E. Avery*, of Topeka, for appellees/cross-appellants.

*Kathryn D. Myers*, of Topeka, for *amicus curiae* Kansas Department of Administration.

Before GERNON, P.J., BRAZIL, J., and THEODORE B. ICE, District Judge, assigned.

BRAZIL, J.: The Adjutant General's Office of the State of Kansas (State) appeals the district court's granting of summary judgment to Christopher Alexander, *et al.* (firefighters). The State claims that Executive Order No. 85-84 and its attendant regulations were not intended to apply to the firefighters; Executive Order 85-84

and K.A.R. 1-5-5(c) are ambiguous as applied to the firefighters; and, if Executive Order 85-84 does apply to the firefighters, the State is entitled to a setoff for excess leave compensation. The firefighters cross-appeal, claiming that the State incorrectly calculated the firefighters' holiday pay, the firefighters are entitled to prejudgment interest, and the five-year statute of limitations should be applied in the instant matter. We affirm in part and reverse in part.

The firefighters are employed by the State and are unclassified employees of the Kansas Civil Service System. During all times relevant hereto, the firefighters worked a schedule of 24 hours on duty followed by 24 hours off duty. As a result, the firefighters work a total of 288 hours in a 28-day work period. Therefore, the firefighters work 76 hours of scheduled overtime in each work period. They are paid at their regular hourly rate for all hours worked up to 212 hours and are paid one and one-half times (time and a half) their hourly rate for all hours worked over 212.

On March 27, 1980, Executive Order 80-46 was issued. It extended the Kansas Administrative Regulations concerned with overtime pay, vacation pay, sick leave, leave without pay, funeral leave, and holiday pay to all unclassified employees under the Kansas Civil Service Act (KCSA) whose salaries are established or approved by the Governor. The Secretary of Administration was charged with the duty to resolve any conflict arising from the adoption and application of the above rules and regulations. Approximately five years later, the United States Supreme Court decided *Garcia v. San Antonio Metro. Transit Auth.*, 469 U.S. 528, 83 L. Ed. 2d 1016, 105 S. Ct. 1005 (1985), which determined that state and local governments would no longer be exempt from the overtime requirements of the Fair Labor Standards Act (FLSA), 29 U.S.C. § 201 *et seq.* (1988).

In anticipation of the application of the FLSA overtime requirements to the firefighters, the Secretary of Administration sent a letter dated August 16, 1985, to the Adjutant General. The letter advised the General how to properly compensate the firefighters to comply with the Kansas and federal wage and hour laws. The letter stated: "Sick and vacation leave should be credited and debited in the same manner as it has been handled in the past, i.e., earn 8 hours/pay period, and debit 8 hours for

each 24 hour period, subject to future review by the Department of Administration." The State refers to this leave system as the three to one advantage since the firefighters receive three times more leave compensation under the system than the leave credits they are required to use to be gone for a 24-hour shift. The letter further advised that, when calculating overtime, only hours actually worked are to be factored. Hours taken for sick, vacation, military, and any other authorized leave will not be considered as "in pay status" nor as hours worked.

On October 4, 1985, the Governor's office issued Executive Order 85-84. It stated that recent United States Supreme Court cases had necessitated reevaluation of the previous executive order. The following Kansas Administrative Regulations were adopted by Executive Order 85-84.

| | |
|---|---|
| "K.A.R. 1-5-24. | Overtime. All Sub-sections adopted. |
| K.A.R. 1-9-1. | Hours of Work. All Sub-sections adopted. |
| K.A.R. 1-9-2. | Holidays. All Sub-sections adopted. |
| K.A.R. 1-9-3. | Request and Approval of Leave; Authorized Leave; Unauthorized Leave. All Sub-sections adopted. |
| K.A.R. 1-9-4. | Vacations. All Sub-sections adopted. |
| K.A.R. 1-9-5. | Sick leave. All Sub-sections adopted. |
| K.A.R. 1-9-6. | Leave Without Pay. Sub-sections (a), (e), (f), and (h) adopted. |
| K.A.R. 1-9-7a. | Military Leave; Voluntary or Involuntary Service in the Armed Forces. All Sub-sections adopted. |
| K.A.R. 1-9-7b. | Military Leave; Voluntary or Involuntary Service with Reserve Component of the Armed Forces. All Sub-sections adopted. |
| K.A.R. 1-9-7c. | Military Leave; State Duty with Kansas National Guard or State Guard When Organized. All Sub-sections adopted. |
| K.A.R. 1-9-8. | Jury Duty; Other Required Appearances Before a Court or Other Public Body. All Sub-sections adopted. |
| K.A.R. 1-9-9. | Official Meetings and Special Assignments. Adopted. |
| K.A.R. 1-9-12. | Funeral or Death Leave. Adopted. |
| K.A.R. 1-9-13. | Payment for Accumulated Vacation Leave and Compensatory Time Credits upon Separation. All Sub-sections adopted. |
| K.A.R. 1-9-14. | Transfer of Leave Credits. Sub-sections (a) and (b) adopted. |
| K.A.R. 1-9-22. | Job Injury Leave. All Sub-sections adopted." |

These regulations were extended to all unclassified employees under the KCSA. The order stated its goal was to have positions essentially alike treated in a uniform manner. Also, Executive Order 85-84 charged the Secretary of Administration to resolve any conflict from the adoption of these rules.

Many of the regulations adopted in Executive Order 85-84 had been previously implemented in Executive Order 80-46. Executive Order 85-84 specifically rescinded 80-46, effectively instituting a new overtime policy for state unclassified employees. The other major change between the two orders was the accrual and use of vacation and sick leave. The firefighters would no longer be given a three-to-one advantage in the use of vacation and sick leave. Vacation and sick leave would be debited on a one-to-one basis.

Executive Order 85-84 fully implemented K.A.R. 1-5-24, which provides for payment of overtime according to the FLSA. K.A.R. 1-5-24(e) computes overtime to include all hours spent "in pay status" as hours worked. "In pay status" is defined in K.A.R. 1-5-24(e) by reference to K.A.R. 1-5-5(c), which provides: " '[I]n pay status' means time worked, and time off work but for which the employee is compensated because of a holiday, because of use of any kind of leave with pay, or because of use of compensatory time credits." K.A.R. 1-9-2 was also extended to the firefighters by Executive Order 85-84. K.A.R. 1-9-2(d) states:

"Each full time employee who is required to work on a legal holiday or on an officially observed holiday shall receive holiday compensation in addition to the employee's regular salary for the pay period. Holiday compensation is either pay or compensatory time credits at a time and a half rate for those hours worked on a holiday."

On June 26, 1989, and July 26, 1989, counsel for the firefighters, in letters to the Adjutant General and the Secretary of Administration, expressed concern that the Adjutant General was not properly compensating firefighters for holidays and overtime. Pursuant to Executive Order 85-84, the firefighters appealed their claim first to the Secretary of Administration and then to the Governor.

By letter dated August 30, 1989, Secretary of Administration Shelby Smith re-ratified the overtime pay procedures set forth

in the August 16, 1985, letter from then Secretary of Administration Marvin Harder. Smith stated the August 16, 1985, letter was the "definitive statement of intent regarding exclusion of paid leave from overtime hours." By letter dated January 31, 1990, the Governor's office also ruled that the firefighters had been properly compensated for their overtime hours, but were entitled to holiday pay.

The firefighters subsequently appealed to the district court regarding the issues of overtime and holiday pay. The court granted the firefighters' motion for partial summary judgment regarding the issue of liability pursuant to K.A.R. 1-5-24 and Executive Order 85-84. In addition to awarding damages for overtime, the court found that the State had correctly calculated the firefighters' rate of holiday pay, denied the firefighters' request for prejudgment interest, and found the statute of limitations for payment to be three years.

The State argues that Executive Order 85-84 and its attendant regulations were not intended to apply to the firefighters. The purpose of Executive Order 85-84 was to offer " 'fair and equal opportunity' " to all individuals by having " 'positions essentially alike . . . treated in a uniform manner.' " Implicit in the order's purpose is that "positions not so alike shall be treated with appropriate recognition of the nature and extent of the differences between them." K.A.R. 1-1-1(c). The firefighters' work schedule is unique in the Kansas Civil Service System.

The firefighters' work schedules are so unique that they receive an exemption from FLSA. 29 U.S.C. § 207(k) (1988) creates an exception to deal specifically with overtime compensation due the firefighters when working something other than a 40-hour week. Pursuant to 29 U.S.C. § 207(k), public agencies who employ individuals in fire protection activities will not be deemed to have violated the FLSA if, in a work period of 28 days, the employee is paid overtime for all hours worked over 216 in the work period. Here, the State pays the firefighters overtime compensation at time and a half for all hours worked over 212 in a work period. Consequently, the State meets the requirements for the firefighter exemption from the FLSA under 29 U.S.C. § 207(k).

The State argues that, while Executive Order 85-84 is not legislation per se, it was promulgated by the Governor and the

rules of statutory construction should be applied when interpreting it. We agree. "A proclamation of the governor, when duly promulgated and filed, occupies a position comparable to laws regularly passed by the legislature." 81A C.J.S., States § 130b. Executive orders have "the force and effect of law, and [are] effective beyond the expiration of the term of the governor who issued it." 81A C.J.S., States § 130b. We conclude that an executive order issued by the Governor occupies the same position as a statute and may be interpreted using the rules of statutory construction.

" 'Where a statute is clear and unambiguous, the court must give effect to the legislative intent therein expressed rather than make a determination of what the law should or should not be. Thus, no room is left for statutory construction.' " *In re Mary P.,* 237 Kan. 456, 459, 701 P.2d 681 (1985) (quoting *Capital Electric Line Builders, Inc. v. Lennen,* 232 Kan. 379, 383, 654 P.2d 464 [1982]). The Governor concurred with the Secretary of Administration's position that the firefighters' unique work schedules exempted them from overtime compensation and earned leave calculation as outlined by the regulations in Executive Order 85-84. Consequently, the district court should give effect to the intent of 85-84 as expressed by the Governor.

The State also argues that the interpretation of Executive Order 85-84 by the Secretary of Administration and by the Governor are entitled to controlling significance. Executive Order 85-84 states that the Secretary shall resolve any conflict arising from the adoption and application of these rules and regulations to the unclassified services. The decision of the Secretary may be appealed to the Governor.

On August 30, 1989, the Secretary of Administration wrote a letter to counsel for the firefighters, stating: "The issuing of Executive Order 85-84 was in no way intended to supersede the August 16th letter from Secretary Harder which addressed application of K.A.R. 1-5-24 to the firefighters. Thus, the August 16th letter remains the definitive statement of intent regarding exclusion of paid leave from overtime hours." The Governor's office agreed with the Secretary of Administration. Despite these two interpretations, the district court held that Executive Order

85-84 was applicable to the firefighters. The district court's decision was in error.

> " 'A District Court, when conducting a review of administrative orders on appeal, must distinguish between questions of law and questions of fact. This distinction is essential for preservation of the separation of powers between the governmental branches. An agency is performing quasi-judicial functions when interpreting rules, regulations or statutes. A court is a higher judicial body and may substitute its judgment for that of an agency on questions of law. Usually a court will give much deference to the agency's interpretation of its regulations.' " *Yuille v. Pester Marketing Co.,* 9 Kan. App. 2d 464, 465, 682 P.2d 676 (1984).

Although the court may substitute its judgment for that of an agency on questions of law, a court cannot substitute its judgment for that of the legislature when construing a statute.

> "The interpretation of a statute is a question of law. The function of the court is to interpret the statute, giving it the effect intended by the legislature. *Director of Taxation v. Kansas Krude Oil Reclaiming Co.,* 236 Kan. 450, 455, 691 P.2d 1303 (1984). The cardinal rule of statutory construction, to which all others are subordinate, is that the purpose and intent of the legislature govern when the intent can be ascertained from the statute. *State v. Adee,* 241 Kan. 825, 829, 740 P.2d 611 (1987); *In re Estate of Estes,* 239 Kan. 192, 194-95, 718 P.2d 298 (1986); *Kansas Krude Oil,* 236 Kan. at 455." *State ex rel. Stephan v. Kansas Racing Comm'n,* 246 Kan. 708, 719, 792 P.2d 971 (1990).

Here, the Governor, having promulgated Executive Order 85-84, is essentially the equivalent of the legislature. Consequently, the district court may not substitute its judgment for that of the Governor when giving effect to Executive Order 85-84.

Also, "[t]he agency's interpretation of its regulations will not be disturbed on appeal unless the interpretation is clearly erroneous or inconsistent with the regulation." *Kansas Bd. of Regents v. Pittsburg State Univ. Chap. of K-NEA,* 233 Kan. 801, 809, 667 P.2d 306 (1983). In the instant case, the Secretary of Administration was charged with the duty to resolve conflicts that arose from the application of the order and its attendant regulations. Therefore, the Secretary's interpretation of Executive Order 85-84 cannot be inconsistent with the regulation.

The Secretary of Administration's and the Governor's interpretation of Executive Order 85-84 is of controlling significance, and, therefore, Executive Order 85-84 was not intended to apply

to the firefighters. The firefighters should be paid in accordance with the August 1985 letter of the Secretary of Administration.

In their cross-appeal, the firefighters contend they should be paid for the hours worked on a holiday at time and a half their regular hourly rate and also receive their regular hourly rate of pay. The trial court found the State had properly calculated the firefighters' holiday pay. The court did not elaborate on its finding.

In his letter dated August 30, 1989, the Secretary of Administration stated there was no basis for exempting the firefighters from K.A.R. 1-9-2. Therefore, the Secretary found the firefighters should be compensated in accordance with K.A.R. 1-9-2. The Secretary stated K.A.R. 1-9-2 provides holiday pay at a time and a half rate for employees working on a scheduled holiday. When an employee's regular day off falls on a holiday, that employee should receive holiday credit of another day off as his or her holiday, or eight hours of compensation at the straight time rate. In affirming the Secretary's decision, the Governor directed the Adjutant General to provide holiday compensation retroactively for fiscal years 1987, 1988, 1989, and 1990. Based on our decision that the Secretary's and Governor's opinions deserve controlling significance, the firefighters should be paid in accordance with the decisions of the Secretary and Governor. Consequently, we affirm the trial court's finding that the State had properly calculated the firefighters' holiday pay.

Based on our decision, the other issues raised in the appeal and cross-appeal need not be addressed.

Affirmed in part and reversed in part.