Bill McCormick Governor's Chief Counsel State Capitol, 2nd Floor Topeka, Kansas 66612
Dear Mr. McCormick:
As the governor's chief counsel, you request an opinion concerning whether the governor may rescind or revoke a proclamation pertaining to the change of classification from a city of the third class to a city of the second class. K.S.A. 14-101 provides that any city of the third class attaining a population of more than 2,000 and less than 15,000 may request that the governor issue a proclamation declaring that the city is one of the second class and subject to the laws governing cities of the second class. In accordance with the request of the city of Andover, Governor Finney issued such a proclamation on March 18, 1994. After the proclamation issued the governing body of the city realized that there were political problems associated with the change and the governing body has now asked the governor to rescind or revoke the proclamation thereby rendering the city once again a city of the third class.
In answering your question concerning the governor's ability to rescind or revoke a proclamation, it is necessary to review the governor's authority relative to the issuance of proclamations.
Article 1, sec. 3 of the Kansas constitution provides that the supreme executive power of the state is vested in the governor who is responsible for enforcing state laws. This "supreme executive power" implies that the execution of the laws will be accompanied in the manner and by the methods and within the limitations prescribed by the constitution and the statutes. State ex rel. v. Dawson, 86 Kan. 180, 188 (1911), 38 Am.Jur.2dGovernor sec. 4. In short, the governor has no inherent powers because her authority emanates from the constitution and statutes. Attorney General Opinion No. 80-140. K.S.A. 14-101 gives to the governor the authority to issue a proclamation that a city of the third class is a city of the second class and subject to the laws governing cities of the second class. Such a proclamation when duly promulgated and filed occupies a position comparable to laws regularly passed by the legislature. Alexander v. State Adjutant General's Office,18 Kan. App. 2d 649, 654 (1993).
Our research has found no statutes or case law which support the notion that a proclamation can be rescinded or revoked and, in light of the fact that a governor's authority is grounded in the constitution and statutes, it is our opinion that the governor has no authority to rescind or revoke a duly promulgated and filed proclamation.
Very truly yours,
 ROBERT T. STEPHAN Attorney General of Kansas
 Mary Feighny Assistant Attorney General
RTS:JLM:MF:jm